IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LA QUINTA WORLDWIDE, LLC, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| v. | § | |
| | § | |
| RESERVATION COUNTER, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## LA QUINTA'S ORIGINAL COMPLAINT AGAINST RESERVATION COUNTER, LLC

Plaintiff La Quinta Worldwide, LLC ("La Quinta" or "Plaintiff"), by and through its undersigned counsel, files this original complaint against defendant Reservation Counter, LLC ("Reservation Counter" or "Defendant"), and in support thereof, alleges as follows:

### PARTIES

1.      Plaintiff La Quinta Worldwide, LLC is a limited liability company organized and existing under the laws of the State of Nevada having a principal place of business at 909 Hidden Ridge, Suite 600, Irving, Texas 75038.

2.      Upon information and belief, Defendant Reservation Counter, LLC is a Utah limited liability company having a business address of 2961 West Maple Loop Drive, Suite 300, Lehi, UT 84043.

### NATURE OF ACTION

3.      This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as for common law trademark infringement and unfair competition, and injury to business reputation/trademark.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and under 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338 (trademark and unfair competition), and 1367 (supplemental jurisdiction).

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts business in this judicial district and division.

6. Below is a screenshot of Defendant's website at ReservationCounter.com taken January 15, 2016 which illustrates Defendant's business activities in this judicial district and division:



7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL BACKGROUND

8.      Plaintiff, La Quinta Worldwide, LLC, together with its affiliate companies, through licensed affiliates and their respective franchisees is one of the largest hotel brands in the United States with over 47 years of success and is one of the fastest growing select service brands in the hotel industry.

9.      La Quinta currently has more than 870 hotels in the United States, Canada, and Mexico, with continued expansion into numerous international markets.

10.     La Quinta is the owner of the well-known and federally protected trademark "LA QUINTA" as well as other word marks and design marks (hereinafter referred to collectively herein as the "LA QUINTA Marks") used in connection with its owned and franchised hotels and related goods/services.

11.     La Quinta has used and advertised the LA QUINTA Marks so extensively in the United States that they have come to indicate to the relevant trade and consumers, goods, and services that have their source of origin in, or are connected with, La Quinta.

12.     Consistent with its use of the LA QUINTA Marks, La Quinta has obtained numerous federal registrations for its LA QUINTA Marks.  The earliest of Plaintiff's registrations was obtained in 1969 and has been used in interstate commerce continuously since then.  Some of Plaintiff's registrations have also obtained incontestable status.

13.     Among Plaintiff's federal registrations for its LA QUINTA Marks are the following:

| Trademark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| La Quinta | 0875802 | August 26, 1969 | Motel services |
| LA QUINTA | 1080641 | December 27, 1977 | Hotel/motel services |
| LA QUINTA | 4107821 | March 6, 2012 | Restaurant services |

| Trademark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
|  | 4513225 | April 15, 2014 | Hotel and motel services |
|  | 3322096 | October 30, 2007 | Hotel and motel services |
|  | 3333129 | November 13, 2007 | Hotel and motel services |
|  | 3704047 | November 3, 2009 | Hotel and motel services |
|  | 4519593 | April 29, 2014 | Hotel and motel services; Provision of facilities for business meetings, business conventions, and business trade show exhibitions |
|  | 1841032 | June 21, 1994 | Hotel/motel services |
|  | 1823440 | February 22, 1994 | Hotel/motel services |
|  | 3704048 | November 3, 2009 | Hotel and motel services |

| Trademark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
|  | 4519594 | April 29, 2014 | Hotel and motel services; Provision of facilities for business meetings, business conventions, and business trade show exhibitions |
|  | 3704042 | November 3, 2009 | Hotel and motel services |
|  | 3717331 | December 1, 2009 | Hotel and motel services |
| LA QUINTA UNIVERSITY | 3522962 | October 28, 2008 | Educational services, namely conducting programs in the field of hotel and motel management and distribution of related course materials in connection therewith |
|  | 4128180 | April 17, 2012 | Hotel and motel services |
| LQ | 2969683 | July 19, 2005 | Hotel and motel services |
| LQ CONNECT | 3878948 | November 23, 2010 | Franchise services, namely, offering business management assistance in the establishment and operation of hotels, motels and resorts; hotel management services for others |
|  | 2298693 | December 7, 1999 | Hotel and motel services |

| Trademark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| La Quinta INN & SUITES | 2300509 | December 14, 1999 | Hotel and motel services |
| La Quinta SUITES | 3064031 | February 28, 2006 | Hotel and motel services |
| LQ.COM | 2752515 | August 19, 2003 | Hotel and motel services |
| LQUNIVERSITY | 3104512 | July 13, 2006 | Educational services, namely conducting programs in the field of hotel and motel management and distribution of related course materials in connection therewith. |
| KEENTA | 1563984 | October 31, 1989 | Hotel and motel services |

14.     La Quinta spends millions of dollars every year on extensively marketing and advertising the LA QUINTA Marks on the Internet, television, radio, and in print.  As a result of those efforts and as a result of La Quinta's extensive and continued use of its LA QUINTA Marks, those marks have become well-known to consumers as designations that identify and distinguish the quality goods/services offered by La Quinta.

15.     Upon information and belief, Defendant is engaged primarily in the business of providing travel information, providing information on the availability of hotel accommodations and making hotel reservations on the Internet.

16.     In connection with its business activities, Defendant has purchased and has used (and is currently purchasing and using) keywords comprised, in whole or in part, of the LA QUINTA Marks.

17.     In an attempt to capitalize on the LA QUINTA Marks, Defendant is illegally using advertising keywords comprised, in whole or in part, of the LA QUINTA Marks, so that its website is listed in a position adjacent to or near Plaintiff's website link when a consumer types a search query utilizing the LA QUINTA Marks, in whole or in part.

18.     As an example, below is a screenshot taken January 15, 2016, of the Internet search engine "Yahoo!," illustrating that a consumer's search for "La Quinta Inn" – with the obvious intent of locating Plaintiff and its hotel properties, would return the following:



19.     As noted in the example above, Defendant's website – "LaQuintaIn.Reservationcounter.com" is returned in the search result.

20.     Defendant is using one or more of the LA QUINTA Marks in the text of Defendant's website advertisements without authorization from La Quinta.

21.     Defendant's website advertisements are triggered directly as a result of Defendant's use and purchase of keywords comprised, in whole or in part, of the LA QUINTA Marks which trades directly on the goodwill and reputation associated with La Quinta and the LA QUINTA Marks.

LA QUINTA'S ORIGINAL COMPLAINT
AGAINST RESERVATION COUNTER                                                          7

22.     Defendant's use of the LA QUINTA Marks, including its use and purchase of keywords comprised, in whole or in part, of the LA QUINTA Marks, dilutes the ability of La Quinta to identify itself as the source of its quality hotels and related goods/services.

23.     Further, Defendant's use of the LA QUINTA Marks and its use and purchase of keywords comprised, in whole or in part, of the LA QUINTA Marks, is deceptive and misleads consumers into believing falsely that the website links to which they are directed via the search results are sponsored or authorized by and/or are originating from La Quinta, the trademark owner for which the consumer was searching.

24.     Defendant's use of the LA QUINTA Marks and its use and purchase of keywords comprised, in whole or in part, of the LA QUINTA Marks, are a deliberate effort to trade on La Quinta's trademark rights and such use infringes on La Quinta's rights in the LA QUINTA Marks.

25.     Defendant is not authorized to use the LA QUINTA Marks, in whole or in part, for any purpose, and La Quinta has notified Defendant in writing of its infringing activity prior to filing this Complaint and demanded that Defendant cease such activities.  Defendant has ignored La Quinta's demands.

26.     Upon information and belief, Defendant has willfully and intentionally engaged in the foregoing actions with knowledge of La Quinta's use of, and/or trademark rights in, the LA QUINTA Marks, and that Defendant's use of the LA QUINTA Marks was unauthorized.

27.     Upon information and belief, Defendant's conduct is a deliberate attempt to trade on the valuable trademark rights and substantial goodwill established by La Quinta.

28.     Upon information and belief, Defendant engaged in the foregoing actions with the intent that its use of the LA QUINTA Marks would cause confusion, mistake, or deception among members of the consuming public.

29.     Upon information and belief, Defendant has traded on, and profited from, the goodwill and reputation established by La Quinta in the LA QUINTA Marks.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

30.     Paragraphs 1-29 are incorporated herein by reference for the purpose of providing initial factual allegations for this cause of action.

31.     The activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's federally registered marks in violation of 15 U.S.C. § 1114.   Defendant is using, in commerce, a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of services on or in connection with which such use is likely to cause confusion or mistake or to deceive.

32.     This infringement is causing substantial and irreparable injury to Plaintiff's business, reputation, and goodwill.

33.     Defendant's activities have continued in spite of Defendant's constructive and actual knowledge of Plaintiff's rights.

34.     Plaintiff has no adequate remedy at law.   Defendant's conduct has caused, and if not enjoined, will continue to cause, irreparable damage to Plaintiff, to its registered marks, and to its business reputation and goodwill, for which monetary relief will not be fully compensable. Accordingly, Plaintiff is entitled to injunctive relief against Defendant from engaging in further such unlawful conduct.

35.     Plaintiff further is entitled to recover from Defendant all gains, profits, and advantages obtained as a result of the unlawful conduct alleged herein, in an amount to be determined at trial.

## COUNT II – 15 U.S.C. § 1125(a) – FALSE DESIGNATION OF ORIGIN

36.     Paragraphs 1-35 are incorporated herein by reference for the purpose of providing initial factual allegations for this cause of action.

37.     The use of the LA QUINTA Marks by Defendant constitutes a false designation of origin and false representation, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is likely to cause confusion or mistake or to deceive the public as to the affiliation, connection, or association of the Defendant with Plaintiff, to the damage of Plaintiff.

38.     The unauthorized use by Defendant of the LA QUINTA Marks has had, and unless restrained will continue to have, the consequent result of causing Plaintiff to lose the value of its very valuable LA QUINTA Marks, to damage its integrity, and to lose control over its goodwill and reputation, for which Plaintiff has no adequate remedy at law.

39.     Defendant's conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff, its marks, and its business reputation and goodwill, for which monetary relief will not be fully compensable.  Accordingly, Plaintiff has no adequate remedy at law and is entitled to injunctive relief against Defendant from engaging in further such unlawful conduct.

40.     Plaintiff further is entitled to recover from Defendant all gains, profits, and advantages obtained as a result of the unlawful conduct alleged herein, in an amount to be determined at trial.

## COUNT III – COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

41.     Paragraphs 1-40 are incorporated herein by reference for the purpose of providing initial factual allegations for this cause of action.

42.     The unauthorized use of the LA QUINTA Marks by Defendant constitutes common law trademark infringement and unfair competition, in violation of the common and statutory law of Texas.

43.     Defendant's conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff, to its marks, and to its business reputation and goodwill, for which monetary relief will not be fully compensable.   Accordingly, Plaintiff has no adequate remedy at law and is entitled to injunctive relief against Defendant from engaging in further such unlawful conduct.

44.     Plaintiff further is entitled to recover from Defendant all gains, profits, and advantages obtained as a result of the unlawful conduct alleged herein, in an amount to be determined at trial.

## COUNT IV – INJURY TO BUSINESS REPUTATION AND TRADEMARK UNDER Tex. Bus. & Com. Code Ann. § 16.103

45.     Paragraphs 1-44 are incorporated herein by reference for the purpose of providing initial factual allegations for this cause of action.

46.     The unauthorized use of the LA QUINTA Marks by Defendant in Texas, as set out hereinabove, has injured, and, unless enjoined, is likely to continue to injure, La Quinta's business reputation and good will, and has diluted, and, unless enjoined, is likely to continue to dilute, the distinctive quality of the LA QUINTA Marks.

47.     Pursuant to Tex. Bus. & Com. Code Ann. § 16.103, La Quinta is therefore entitled to have Defendant's aforementioned unauthorized uses of the LA QUINTA Marks enjoined to prevent further injury to La Quinta's business reputation and goodwill, and to prevent further dilution of the LA QUINTA Marks.

## COUNT V – REQUEST FOR INJUNCTIVE RELIEF

48.     Paragraphs 1-47 are incorporated herein by reference for the purpose of providing initial factual allegations for this cause of action.

49.     The nature and magnitude of Defendant's conduct demonstrates the likelihood that Plaintiff will succeed on the merits with respect to the causes of action set forth hereinabove.  The potential recovery of monetary damages will not redress the non-economic harm and injury that will be sustained by Plaintiff as a result of the use of the LA QUINTA Marks.  Plaintiff has no adequate remedy at law and will suffer irreparable harm in the event Defendant's wrongful conduct is not enjoined.   Accordingly, Plaintiff seeks the following injunctive relief:

### A.     Application for Preliminary Injunction

50.     In order to preserve the status quo, and the property and rights of Plaintiff during the pendency of this action, Defendant should be cited to appear and show cause why it should not be preliminarily restrained from engaging in the conduct described hereinabove.

51.     Specifically, Plaintiff seeks a preliminary injunction pursuant to 15 U.S.C. § 1116 (a) restraining the Defendant from:

a.     Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, as a trademark, service mark or trade name to market, advertise, promote, or identify any hotel or motel services to the extent not produced or authorized by Plaintiff;

b.     Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, as a trademark, service mark or trade name to market, advertise, promote, or identify any travel or hospitality-related products or services to the extent not produced or authorized by Plaintiff, including in connection with Defendant's business;

c.     Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, or purchasing the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, in connection with keywords comprised, in whole or in part, of the LA QUINTA Marks;

d.     Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendant's business or services by using confusingly similar or identical trade indicia and dress to that used by Plaintiff; and

e.      Causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff or any of its goods/services.

52.      Such limitations will prevent the likelihood of confusion, injury to business reputation/trademark, or dilution of the distinctiveness of Plaintiff's LA QUINTA Marks, symbols, or forms of advertisements.

53.      Pursuant to 15 U.S.C. § 1116(a), Plaintiff further requests the Court to command Defendant to file with the Court and serve on the Plaintiff, within thirty (30) days after the service of such injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

**B.      Application for Permanent Injunction**

54.      Consistent with the relief sought by Plaintiff in connection with its Application for Preliminary Injunction, Plaintiff ultimately requests that upon final trial of this cause a permanent injunction be issued, pursuant to 15 U.S.C. § 1116 (a) restraining Defendant from:

a.      Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, as a trademark, service mark or trade name to market, advertise, promote, or identify any hotel or motel services to the extent not produced or authorized by Plaintiff;

b.      Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, as a trademark, service mark or trade name to market, advertise, promote, or identify any travel or hospitality-related products or services to the extent not produced or authorized by Plaintiff, including in connection with Defendant's business;

c.      Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, or purchasing the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, in connection with keywords comprised, in whole or in part, of the LA QUINTA Marks;

d.      Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendant's business or services by using confusingly similar or identical trade indicia and dress to that used by Plaintiff; and

e.      Causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff or any of its goods/services.

55.     Such limitations will prevent the likelihood of confusion, injury to business reputation/trademark, or dilution of the distinctiveness of Plaintiff's LA QUINTA Marks, symbols or forms of advertisements.

56.     Pursuant to 15 U.S.C. § 1116(a), Plaintiff further requests the Court to command Defendant to file with the Court and serve on the Plaintiff, within thirty (30) days after the service of such injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

<u>**PRAYER FOR RELIEF**</u>

Plaintiff La Quinta Worldwide, LLC prays that this Court:

a.     Enter judgment in favor of Plaintiff and against Defendant on all of Plaintiff's claims;

b.     Temporarily and, upon conclusion of trial on the permits, permanently enjoin and refrain Defendant, its affiliates, subsidiaries, officers, directors, agents, servants, employees, attorneys, and all persons acting for, with, by, through and under it, from:

1.     Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, as a trademark, service mark or trade name to market, advertise, promote, or identify any hotel or motel services to the extent not produced or authorized by Plaintiff;

2.     Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, as a trademark, service mark or trade name to market, advertise, promote, or identify any travel or hospitality-related products or services to the extent not produced or authorized by Plaintiff, including in connection with Defendant's business;

3.     Using the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, or purchasing the LA QUINTA Marks, in whole or in part, or any confusingly similar designation, in connection with keywords comprised, in whole or in part, of the LA QUINTA Marks;

4.     Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendant's business or services by using confusingly similar or identical trade indicia and dress to that used by Plaintiff; and

      5.     Causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff or any of its goods/services.

   c.     Require Defendant to correct the confusion which Defendant has caused;

   d.     Require Defendant to file with this Court and serve upon Plaintiff, within thirty (30) days after the service of such injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

   e.     Require Defendant to account for and pay over to Plaintiff the Defendant's profits and all damages sustained by Plaintiff;

   f.     Enter judgment that the damages sustained by Plaintiff should be trebled and require Defendant to pay over to Plaintiff such damages because of the willful acts described herein in disregard of Plaintiff's known rights;

   g.     Award Plaintiff its attorney's fees, costs, and expenses due to the exceptional nature of this case pursuant to 15 U.S.C. § 1117; and

   h.     Award Plaintiff such other and further relief that this Court deems just and proper.

Pursuant to Fed. R. Civ. P. R. 38, Plaintiff demands a trial by jury for all issues triable by jury.

Date:     February 1, 2016          Respectfully submitted,

                                  Peter L. Loh
                                  Texas State Bar No. 24036982
                                  Kay Lyn Schwartz
                                  State Bar No. 17865700
                                  kschwartz@gardere.com
                                  Sadie F. Butler
                                  State Bar No. 24085234
                                  sbutler@gardere.com

GARDERE WYNNE SEWELL, LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

**ATTORNEYS FOR PLAINTIFF
LA QUINTA WORLDWIDE, LLC**